[Civ. No. 14784. First Dist., Div. Two. Apr. 3, 1951.]

INDUSTRIAL INDEMNITY COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Leonard, Hanna & Brophy for Petitioner.

Edmund J. Thomas, Jr., for Respondents.

DOOLING, J.—On this proceeding to review an award of the Industrial Accident Commission it appears that the commission, after finding that "the evidence fails to establish that applicant sustained any injury arising out of and occurring in the course of his employment," further found the applicant entitled to certain medical expenses and made an award therefor.

The constitutional basis for our system of workmen's compensation is section 21, article XX of the California Constitution which empowers the Legislature "to create and enforce a liability . . . for injury or disability . . . incurred or sustained by said workmen *in the course of their employment* . . . (including) full provision for . . . medical, surgical, hospital and other remedial treatment . . . to cure and relieve from the effects of *such injury*. . . ." (Emphasis ours.)

Following this constitutional authorization the Legislature provided in section 3600 of the Labor Code for liability of employers to employees for "injury . . . arising out of and in the course of the employment." Section 3208 declares that "(i)njury includes any injury arising out of employment

. . ." and section 4600 authorizes "(m)edical, surgical and hospital treatment . . . reasonably required to cure or relieve from the injury. . . ."

It is clear from these provisions that the award of compensation for medical treatment can only be made where the necessity for such treatment results from an injury incurred in the employment.

The respondent commission in its answer asserts that the findings were the result of inadvertence and asks us to remand the case for further proceedings.

The award is annulled and the matter remanded for further proceedings not inconsistent with this opinion. (*California C. I. Exch.* v. *Industrial Acc. Com.*, 190 Cal. 433, 438 [213 P. 257].)

Nourse, P. J., and Goodell, J., concurred.