[L. A. No. 27988.   In Bank.   Nov. 17, 1964.]

FRED GLEDHILL CHEVROLET et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, JESSE L. ALLISON et al., Respondents.

Smith & Wilson and Bernard S. Shapiro for Petitioners.

Everett A. Corten, Edward A. Sarkisian, Edwin Silver, Clopton & Penny and Robert R. Wills for Respondents.

PETERS, J.—This proceeding involves the proper allocation of liability for temporary disability indemnity and medical care where the applicant has suffered a series of injuries, in this case four. The Industrial Accident Commission made the award against Universal Underwriters Insurance Company, the carrier at the time of the third and fourth injuries. This award is supported by the factual determinations made by the commission, and these findings are based on substantial evidence. For these reasons the award should be affirmed.

Applicant, Jesse Allison, worked as an automobile mechanic. In the course and scope of his employment, he sustained injuries to his back on four occasions—September 1953, while employed by Cormier Chevrolet Co., April 1958, November 1961, and July 1962, at which times he was employed by Fred Gledhill Chevrolet. Pacific Indemnity Company was the carrier at the time of the first two injuries, Universal at the time of the latter two. After the second injury, applicant had a spinal fusion. The surgery was not completely successful and there resulted a false fusion, or the condition known as pseudo-arthrosis. He continued to feel some pain, but returned to work. He was somewhat restricted on the job, and was favored with the easier work. The third injury resulted in a great increase in pain, and also further restricted his working ability for a period. The fourth injury resulted in such incapacity that he could no longer work at his job, and he was discharged. Throughout the period involved applicant was under medical supervision, and both testimony and medi-

cal records were presented by the several parties. Conflicts in the evidence resulted in the appointment of an independent medical examiner, Dr. Rohrer, whose testimony was based upon an examination of the applicant, as well as upon a review of the medical records and the testimony of the other doctors. All of the medical evidence is in agreement that the first operation had not been completely successful and that, at present, further surgery is required.

Applications for compensation for all four injuries were consolidated and, after hearings, an award for temporary disability and medical care was made against Universal. There was no apportionment. Universal's petition for reconsideration was denied by the commission. As applicant's condition had not yet become permanent and stationary, no decision was made with respect to liability for permanent disability.

It is well settled that the acceleration, aggravation, or "lighting up" of a preexisting nondisabling condition is an injury in the employment causing it (*Tanenbaum* v. *Industrial Acc. Com.*, 4 Cal.2d 615 [52 P.2d 215]), and "If the resultant disability is entirely due to the industrial injury lighting up the previous dormant condition, then the employer is liable for that disability and there can be no apportionment." (*State of California* v. *Industrial Acc. Com.*, 135 Cal.App.2d 544, 549 [288 P.2d 31].) The award against Universal alone is based on the factual determination that the present incapacity to work and earn wages, and the present need for further surgery, are attributable to the third and fourth injuries.

"Whether a disability results in whole or in part from 'the normal progress of a preexisting disease' [citation] or represents a fully compensable lighting up or aggravation of a preexisting condition is a question for the commission to determine, and its award will not be annulled if there is any substantial evidence to support it." (*Argonaut Ins. Co.* v. *Industrial Acc. Com.*, 57 Cal.2d 589, 593 [21 Cal.Rptr. 545, 371 P.2d 281]; see also *American Can Co.* v. *Industrial Acc. Com.*, 196 Cal.App.2d 445 [16 Cal.Rptr. 424].) Judicial review is limited to a determination whether there is any substantial evidence, contradicted or uncontradicted, that will support the award. (*Douglas Aircraft, Inc.* v. *Industrial Acc. Com.*, 47 Cal.2d 903, 905 [306 P.2d 425]; Lab. Code, §§ 5952, 5953.)

Although there was conflicting evidence, the testimony of Dr. Rohrer, upon which the commission was entitled

to rely, supports its findings. It was to the following effect. A condition of pseudo-arthrosis resulted from the unsuccessful operation. Such a condition, which results in varying degrees of pain, is not uncommon after a spinal fusion operation. Regression, resulting in increased pain, is also not uncommon, and Dr. Rohrer stated that he thought there was an even chance that applicant's condition might have deteriorated at some time in the future even in the absence of further trauma. The need for further surgery to correct the condition is determined primarily on the basis of symptoms, e.g., if the false fusion results in substantial pain. Although he could not state definitely what the present symptomatology would have been had the third and fourth injuries not occurred, he was of the opinion that absent those injuries it was unlikely that there would be at present a need for further surgery. Examination immediately prior to the third injury revealed that further surgery was not indicated at that time. In fact, applicant had returned to his job, albeit on a somewhat restricted basis, and there was evidence that he had apparently accommodated himself to his condition, and that the condition appeared to be improving. The need for further surgery at present is clear, and it is also clear that the need first arose immediately after the third injury. Under these facts, the award of the commission of the cost of medical care against Universal is supported and must be affirmed. (See *National Auto. & Cas. Ins. Co.* v. *Industrial Acc. Com.*, 216 Cal.App.2d 204, 212-213 [30 Cal.Rptr. 685].)

The award against Universal of compensation for temporary disability was also proper. It should be borne in mind that we are concerned here only with temporary as distinguished from permanent disability. The primary element of temporary as distinguished from permanent disability is loss of wages. (*Allied Compensation Ins. Co.* v. *Industrial Acc. Com.*, 211 Cal.App.2d 821, 831 [27 Cal.Rptr. 918]; *American Can Co.* v. *Industrial Acc. Com., supra,* 196 Cal.App.2d 445, 451; 2 Larson, Workmen's Compensation Law (1961) § 57.10, p. 2.) Here, there was no temporary disability immediately prior to the third injury—applicant was on the job and not suffering any compensable wage loss. There may have been a preexisting *permanent* disability prior to the third injury (this has not yet been decided by the commission because applicant's condition has not yet become permanent and stationary), and, if so, the award for *permanent* disability will no doubt be subject to the apportionment provisions of the code. There is substantial evidence to support the finding

that the present temporary disability is entirely attributable to the effects of the third and fourth injuries, including their aggravation of applicant's preexisting condition. Because this factual determination does not call for apportionment (see Lab. Code, §§ 4663 and 4750; see generally Comment, *Injury to the Deceased or Disabled Employee under the California Workmen's Compensation Laws,* 44 Cal.L.Rev. 548), we need not decide whether the apportionment provisions apply at all to compensation for temporary disability.

Since there is ample support for the determination that the current symptomatology, resulting in the present need for further surgery and the present temporary disability, is attributable to the third and fourth injuries, the award against Universal must be affirmed.

The award is affirmed.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Mosk, J., and Schauer, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.