[S. F. No. 21940.   In Bank.   June 28, 1965.]

ROYAL GLOBE INSURANCE COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, RICHARD E. LYNCH et al., Respondents.

Mullen & Filippi and Charles A. Shea for Petitioner.

Everett A. Corten, Sheldon C. St. Clair, Loton Wells, James J. Vonk and David Green for Respondents.

PETERS, J.—The Royal Globe Insurance Company seeks review of an award of the Industrial Accident Commission on

the ground that the commission refused to apportion the award so that petitioner could receive partial reimbursement.

The employee, engaged in delivering bread, began working for San Joaquin Bakeries, Inc., in September of 1951. This employment terminated in June of 1956, when he went to work for Kilpatrick's Bakeries, Inc., where he worked until June 25, 1963. San Joaquin's insurance carrier from September 1951 to January 16, 1954, was State Compensation Insurance Fund. Its carrier for the balance of the period of the worker's employment there was Royal Globe, which also insured Kilpatrick's while the employee was employed there.

During his period of employment for both bakeries, the employee was required to load and unload heavy boxes of bread from a truck. During the four years prior to 1963 he noticed pains in his back. On June 18, 1963, while loading his truck, he suffered a severe back pain which disabled him and caused him to incur medical expenses.

On January 16, 1964, the employee filed two applications with respondent commission, one against San Joaquin and one against Kilpatrick's. The two claims were consolidated for hearing. At the hearing, the referee found that the applicant's disability was attributable to his entire period of employment from September of 1951 to June of 1963. This period amounted to 141 months, during which State Fund was the insurance carrier for the first 28 months and Royal Globe was the carrier for the last 113 months. The referee awarded temporary disability of $70 a week and medical expenses against Royal Globe, and he further ordered that State Fund reimburse Royal Globe "in the proportion of 28/141sts of the costs thereof."

Reconsideration was granted on the petition of the State Fund. The panel of the commission, on reconsideration, held that, even though "applicant's disability is attributable to his entire period of employment," nevertheless "temporary disability is not apportionable . . . but is the liability of the carrier at the time applicant became totally disabled." Thus, Royal Globe was held responsible for all temporary disability and medical costs with no right of reimbursement from State Fund. Royal Globe's petition for reconsideration was denied.

In the case of permanent disability, the commission must apportion between insurance carriers in a situation such as is here involved. (*Fireman's Fund Indem. Co.* v. *Industrial Acc. Com.*, 39 Cal.2d 831, 835 [250 P.2d 148]; *Colonial Ins. Co.* v. *Industrial Acc. Com.*, 29 Cal.2d 79, 86 [172 P.2d 884]; *Argo-*

*naut Ins. Co.* v. *Industrial Acc. Com.,* 231 Cal.App.2d 111, 117 [41 Cal.Rptr. 628].) Hanna refers to this rule as follows: "A third type of situation calling for apportionment between employers or insurance carriers has been judicially established. Under this rule, disability of cumulative origin, even though due to pathology other than occupational disease, is not necessarily the sole responsibility of the employment or insurance coverage during which the disability began, but may be charged against all periods of employment (and corresponding coverage) deemed to have contributed to its production. Implicit in this rule is the necessity for apportionment of liability between the responsible employments or insurance carriers. Such an apportionment can apply, of course, to all types of compensation benefits covered by such a liability." (2 Hanna, Employee Injuries and Workmen's Compensation (1954) p. 271.) In the instant case, the disability was clearly "of cumulative origin," inasmuch as the panel found, on unchallenged evidence, that it was attributable to applicant's entire period of employment.

California appellate courts have not yet determined whether, as between carriers,[1] liability must be apportioned where only temporary disability and medical awards are involved. We recently referred to this vacuum in the law. (*Fred Gledhill Chevrolet* v. *Industrial Acc. Com.,* 62 Cal.2d 59, 62-63 [41 Cal.Rptr. 170, 396 P.2d 586].) The commission apparently concedes that it *may* apportion in such cases, and refers to several cases in which it has done so. It contends, however, that its "general policy of disallowing apportionment of temporary disability and medical benefits" is proper, even if such a general policy would not be proper in permanent disability cases. Several arguments are presented to support this claimed distinction.

It is urged that this general policy "makes sense" because it presumes that the immediate wage loss and necessity for a healing period were caused solely by the last employment. Based on the expertise of the commission this may be a reasonable presumption, but, at most, it is a rebuttable presumption. Where, as here, there is a finding based on uncontra-

---

[1] It should be noted that we are here involved only with apportionment between insurance carriers. There can be no apportionment as to the injured worker. Both Royal Globe and State Fund may be held fully liable (jointly and severally) to him (*Fireman's Fund Indem. Co.* v. *Industrial Acc. Com., supra,* 39 Cal.2d 831, 835; *Colonial Ins. Co.* v. *Industrial Acc. Com., supra,* 29 Cal.2d 79, 82). Although this was not done here (State Fund was not held liable to the employee), the employee did not seek a writ of review.

dicted evidence that the disability was attributable to the employee's *entire* period of employment the proposed presumption has been rebutted, and cannot stand.

The commission also makes another two-pronged argument: first, that the time of the commission should not be consumed by protracted hearings on technical questions of apportionment (citing the constitutional fiat that workmen's compensation legislation should be administered "expeditiously," Cal. Const., art. XX, § 21); second, that the injured worker should not have to wait until the termination of such hearings to receive his money. Neither argument is sound. As to the first, in our legal system, we do not avoid difficult questions and arbitrarily impose liability on one party contrary to the facts simply in an effort to save time. As to the second, the employee need not be required to wait until the determination of the apportionment question to receive his award. In permanent disability cases, the proper procedure is to hold the carriers jointly and severally liable to the employee,[2] leaving the carriers to debate the apportionment issue in a separate proceeding. "The successive carriers or employers should properly have the burden of adjusting the share that each should bear and that should be done by them in an independent proceeding between themselves. They are in a better position to produce evidence on the subject and establish the proper apportionment." (*Colonial Ins. Co.* v. *Industrial Acc. Com., supra,* 29 Cal.2d 79, 82. See also *Fireman's Fund Indem. Co.* v. *Industrial Acc. Com., supra,* 39 Cal.2d 831, 835; *Globe Indem. Co.* v. *Industrial Acc. Com.,* 125 Cal.App.2d 763, 770 [271 P.2d 149].) In occupational disease cases, section 5500.5 of the Labor Code expressly provides for a supplementary hearing for apportionment purposes. (See 1 Hanna, Employee Injuries and Workmen's Compensation (1953) p. 182; 12 Schneider, Workmen's Compensation (1959) § 2503, pp. 252-253.) ■ There is no reason why apportionment of liability for temporary disability payments should not be determined in a separate proceeding. Of course, to insure that the employee receives his payments promptly, the commission should first hold at least the last employer fully liable to him, before holding the separate proceeding.

---

[2]See footnote 1, *ante.* Although there was no joint and several award here—State Fund was not held liable to the employee—we cannot require such an award now because the employee does not seek review. This in no way affects, however, Royal Globe's right to have the award against it apportioned between it and State Fund.

Finally, the commission relies upon the maxim, "the employer takes his employee as he finds him." Here it cites *Colonial Ins. Co.* v. *Industrial Acc. Com., supra,* 29 Cal.2d 79 at pp. 83-84, which applies this concept to hold that the carrier is fully liable *to the injured worker* even though the period of employment before that carrier's coverage contributed to the disability. *Colonial* also holds, however, that this liability does not affect the carrier's right to reimbursement from earlier carriers on an apportioned basis. The case, therefore, supports the conclusions reached herein. ■ Thus, although the commission's award against Royal Globe was proper, it was wrong in denying Royal Globe the right of reimbursement against State Fund.

Respondent also relies on the discussion in Hanna referring to "Apportionment in Relation to Temporary Disability." (2 Hanna, Employee Injuries and Workmen's Compensation (1954) p. 272.) This reliance is misplaced. The discussion deals with the apportionment problem only insofar as it pertains to the employee's rights against the carrier, and not as to the rights of the carriers *inter se.* Royal Globe makes no claim that it is not fully liable to the employee; it claims rights only against State Fund.

■ The conclusion is inescapable that apportionment of temporary disability among carriers should be required in "cumulative injury" cases. If the last carrier (at least) is held fully liable to the employee for the award, the employee is not required to wait until the resolution of the apportionment problem to get his money. It follows that apportionment cannot hurt him. As between the carriers, fundamental rules of fair play require apportionment. State Fund vicariously "caused" 28/141 (a crude approximation, admittedly) of the disability and as between it and Royal Globe should be held liable for its share of the award.

■ There should be no distinction between apportionment among carriers for temporary disability and for permanent disability. Other jurisdictions do not make such a distinction. They require apportionment in temporary disability cases. (See *Andrus* v. *Boise Fruit & Produce Co.* (1962) 84 Idaho 245 [371 P.2d 256] ; *Marsolek* v. *Miller Waste Mills* (1955) 244 Minn. 55 [69 N.W.2d 617] ; *Quinn* v. *Automatic Sprinkler Co.* (1958) 50 N.J.Super. 468 [142 A.2d 655] ; *Meszaros* v. *Goldman* (1954) 307 N.Y. 296 [121 N.E.2d 232].)

The award is affirmed insofar as the employee is concerned,

and the matter is remanded to the respondent commission with directions to make a proper apportionment of the award between the two insurance carriers.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.