[Civ. No. 31208.   Second Dist., Div. Two.   Apr. 10, 1967.]

RAISCHELL & COTTRELL, INC. et al., Petitioners, v. WORKMEN'S COMPENSATION APPEALS BOARD, LEE E. ADAMSON et al., Respondents.

992

Weingand, Kendig & Stockwell and James D. MacArthur for Petitioners.

Everett A. Corten and Edward A. Sarkisian for Respondents.

McCOY, J. pro tem.*—Argonaut Insurance Company and five employers insured by it seek annulment of an award of the Workmen's Compensation Appeals Board to respondent Mabel Adamson, the widow of applicant Lee Adamson, deceased. They also pray for an order directing the board to issue a "take nothing" order.

On June 29, 1964, applicant filed a claim for workmen's compensation benefits listing as defendants more than a hundred employers for whom he claimed to have worked from 1937 through September 23, 1963. The basis for his claim was that during that period while working as a hod carrier he had suffered exposures to plaster dust which aggravated a lung condition culminating in his disability on the latter date.

On August 23, 1965, the referee issued an order approving a compromise and release agreement, the terms of which provided that applicant discharged from all liability a number of defendants other than the petitioners here in consideration of sums totalling $7,700. On August 26, 1965, applicant gave notice that he elected to proceed against four of petitioners under section 5500.5, Labor Code. Argonaut admitted coverage. On November 12, 1965. the remaining petitioner was joined and the matter was heard. The applicant testified, among other things, that he had received payment pursuant to the compromise and release. The applicant died on November

---

*Assigned by the Chairman of the Judicial Council.

13, 1965. On August 5, 1966, the referee issued the findings and award now under attack. The appeals board denied reconsideration.

The findings are to the effect that applicant sustained industrial injury during the period alleged; that exposures to plaster dust during included periods of employment by Argonaut's assureds caused injury; that the injury caused temporary total disability beginning September 24, 1963, to the date of his death, less 12 days, for which period indemnity is payable at $70 per week; that Argonaut failed to furnish medical treatment after July 30, 1964, and applicant incurred expenses therefor; that applicant elected to proceed against petitioners pursuant to the provisions of Labor Code, section 5500.5; and that the issues of apportionment among successive carriers and credit to Argonaut for the sum paid to applicant pursuant to the order approving the compromise and release will be determined in proceedings for contribution. The award directs Argonaut to pay in full the benefits found to have accrued to applicant on account of the injury.

As an affirmative defense in the proceedings before the referee, Argonaut sought to assert the compromise and release in bar or satisfaction of the claim. The referee refused to hear or consider the issues.[1]

The issues presented by the petition before us are: 1. Whether the board has exceeded its jurisdiction in ignoring a previously approved compromise and release for the single injury, which compromise and release did not name the petitioning defendants; 2. Whether the findings of fact as to credit for the compromise and release of the applicant's injury are supported by the evidence; and 3. Whether the

---

[1]In his opinion on the findings the referee said in part: "An apportionment among the various carriers need not be decided at this time. As the applicant has elected to proceed against the employers represented by the defendant herein, said defendant must pursue its contribution rights against the other carriers in an independent proceeding. (*Globe Indemnity* v. *IAC, supra* [1954, 19 CCC 132]; Labor Code, section 5500.5.) *Credit-Contribution*: Both of these issues are premature in this particular proceeding. A finding will be entered herein that the matter of apportionment among the successive carriers will be determined in subsequent proceedings for contribution. Whether the release by the applicant of the employers and carriers with whom he compromised on August 23, 1965 releases the same parties from the claims in contribution by the defendant herein under Labor Code, section 5500.5 can be decided in said subsequent proceeding. Accordingly, applicant's claim for credit will also be deferred until contribution proceedings are instituted."

board can assist Adamson, and his heir, Mabel Adamson, in avoiding the legal effect of the compromise and release.

Argonaut contends that the findings are not supported by the evidence and that equitable principles compel the appeals board to take notice of the compromise and release and to deny any award. It argues that an award against it gives it the correlative right to apportionment of liability and contribution from the defendants who have been released and, in effect, allows respondent Adamson by indirection to maintain a further claim against the released defendants in avoidance of the compromise and release. The appeals board takes the position that the reservation of the right to Argonaut to institute separate proceedings for determination of the interrelated issues of credit and contribution protects it from any inequity. We have concluded that the award of full compensation benefits must be annulled and the matter remanded to the appeals board for further proceedings.

It is the established rule in cases where disability or death results to an employee from a progressive occupational disease or cumulative industrial injury that the employee (or his dependents) may elect to recover full compensation benefits from any employer (or insurer) in the chain of causation and that the appeals board must thereafter apportion the liability among the successive employers (or insurers) in the proportion that each period of employment (or corresponding coverage) contributed. (*Colonial Ins. Co.* v. *Industrial Acc. Com.*, 29 Cal.2d 79, 82 [172 P.2d 884]; Lab. Code, § 5500.5; *Fireman's Fund Indem. Co.* v. *Industrial Acc. Com.*, 39 Cal.2d 831, 835 [250 P.2d 148]; *Royal Globe Ins. Co.* v. *Industrial Acc. Com.*, 63 Cal.2d 60, 62-63 [45 Cal.Rptr. 1, 403 P.2d 129].)

Section 5500.5 of the Labor Code, to which the findings make reference, sets forth an elaborate procedure to be followed in a case of this type.[2] In brief, it provides that the application shall name all employers and, if it does not, any interested party may request that others be joined as defendants; that the employee may "elect" to proceed against any one or more of the employers; that he must prove his claim

---

[2] Although by its terms Lab. Code, § 5500.5, is made applicable to cases of "occupational" disease, it has been recognized that the procedure is generally appropriate in cases of cumulative industrial injury. (See *Royal Globe Ins. Co.* v. *Industrial Acc. Com.*, 63 Cal.2d 60, 63 [45 Cal.Rptr. 1, 403 P.2d 129].)

against any one of the employers named, and that any award against two or more employers who may be held liable shall be joint and several; that at any time within one year after an award any employer held liable may institute proceedings for the purpose of determining an apportionment of liability or right of contribution from the other employers; and that the separate proceeding ''shall not diminish, restrict, or alter in any way the recovery previously allowed the employee or his dependents, but shall be limited to a determination of the respective contribution rights, interests or liabilities of all the employers joined in the proceeding, either initially or supplementally; provided, however, if the appeals board finds on supplemental proceedings . . . that an employer previously held liable in fact has no liability, it may dismiss such employer and amend its original award in such manner as may be required.'' (Lab. Code, § 5500.5.) As the Supreme Court noted in *State of California* v. *Industrial Acc. Com.*, 48 Cal.2d 365, 375 [310 P.2d 7], Labor Code, section 5500.5, is ''anything but a model of clarity and precision . . .'' ▪ It seems clear, however, that the section provides that there shall be two separate and distinct proceedings: One in which the applicant completely litigates his claim against a defendant or defendants of his choice; and one in which the defendants litigate *inter se* their relative rights, liabilities and interests.

Labor Code, section 5500.5, does not contemplate a situation in which an applicant releases one or more of the defendants named in his application pursuant to an approved compromise and release. It neither authorizes nor prohibits such a procedure. Nor does it indicate: (1) whether an applicant may thereafter elect to proceed solely against one of the remaining defendants; (2) whether a release of one or more of the defendants releases all; (3) whether such a release affects the right to apportionment of liability or contribution; or (4) whether a defendant who is subsequently held liable may have a credit against the award for sums paid pursuant to an approved compromise and release. We find no statutory provision which expressly controls these issues.

▪ We see no authority in section 5500.5 which grants to the appeals board jurisdiction to issue the unlimited award for full compensation benefits against Argonaut. The award orders the immediate payment of money. As issued, it is effective for all purposes; it is in no sense interlocutory.

The findings and record submitted for review show that Argonaut has not had its full day in court.

Unlike the ordinary contractual situation, a compromise and release agreement between an employee and an employer or compensation insurer in respect to workmen's compensation has no validity until it has been approved by the referee or appeals board (Lab. Code, § 5001). Upon approval the appeals board may on its own motion or on the motion of either party enter an award based thereon (Lab. Code, § 5002). An approved compromise and release has the same force and effect as an award made after a full hearing. (*Silva* v. *Industrial Acc. Com.*, 68 Cal.App. 510, 515 [229 P. 870].) A sum payable under such an order comes within the general definition of "compensation" in the Workmen's Compensation Law (Lab. Code, § 3207) and the definition in the chapter which concerns compromise and release (Lab. Code, § 5001; *Aetna Life Ins. Co.* v. *Industrial Acc. Com.*, 38 Cal.2d 599, 604 [241 P.2d 530]). The order approving a compromise and release is thus, in legal effect, an award of compensation. While it may be amended or set aside for good cause (Lab. Code, §§ 5803-5804), it is effective for all purposes while outstanding.

A basic premise of compensation law is that there shall be but a single recovery of benefits on account of a single injury or disability; to permit a double recovery would be to place a double burden on industry and encourage malingering; the right to recovery of compensation from more than one source is subject to the rule that a credit shall be allowed against an award for any payment to the extent that it permits a double recovery. (*Travelers Ins. Co.* v. *Industrial Acc. Com.*, 240 Cal.App.2d 804, 810 [50 Cal.Rptr. 114]; *Industrial etc. Exchange* v. *Industrial Acc. Com.*, 80 Cal.App.2d 480, 482-483 [182 P.2d 309]; *State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 43 Cal.App.2d 236 [110 P.2d 512].)

The assertion of a release in bar is an affirmative defense to an action (*Great Western Gold Co.* v. *Chambers*, 153 Cal. 307, 313-314 [95 P. 151]) to which the releasor is entitled to respond and to plead new matter which may raise on legal or equitable grounds other questions of mixed fact and law. (42 Cal.Jur.2d, Release, §§ 42-45, 745-751.) The assertion that an obligation has been satisfied, in whole or in part, by others is also an affirmative defense. (*Magee* v.

*Wyeth Laboratories, Inc.*, 214 Cal.App.2d 340, 359 [29 Cal. Rptr. 322]; *Lovetro* v. *Steers*, 234 Cal.App.2d 461, 477 [44 Cal.Rptr. 604].) ▮ These material issues have not been heard; no opportunity has been provided for the parties to raise collateral issues of fact and law. If the interests of other defendants may be prejudiced in any way, the board should join them as parties in this proceeding.

The award is annulled and the matter is remanded to the appeals board for further proceedings consistent herewith.

Herndon, Acting P. J., and Fleming, J., concurred.