[S. F. No 22599.   In Bank.   Oct. 4, 1968.]

HENRY GRANADO, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD, HASLETT WAREHOUSE et al., Respondents.

Marcus, Sherbourne & Rucka, Marcus & Bresnahan and N. Michael Rucka for Petitioner.

Morgan, Beauzay & Hammer and Victor H. Beauzay as Amici Curiae on behalf of Petitioner.

Everett A. Corten, Selma Mikels and John W. Moore for Respondents.

PETERS, J.—Petitioner seeks annulment of a decision after reconsideration by the Workmen's Compensation Appeals Board which apportioned liability for temporary disability compensation and medical treatment subsequent to April 1, 1966, 50 percent to respondent carrier and 50 percent to petitioner. The basis of the apportionment was a neck injury not industrially related suffered August 1961 and a subsequent industrial injury to the neck suffered April 13, 1965.

Petitioner urges :(1) *temporary* disability is not apportionable; (2) medical treatment is not apportionable; and (3) even assuming that in a proper case apportionment might be permitted, the record does not support apportionment here. The first two contentions are meritorious.

Section 4663 of the Labor Code provides : "In case of aggravation of any disease existing prior to a compensable injury, compensation shall be allowed only for the proportion of the disability due to the aggravation of such prior disease which is reasonably attributed to the injury." In cases involving *permanent* disability, it is settled that the section must be read in light of the rule that an employer takes the employee as he finds him at the time of employment; that, when subsequent injury lights up or aggravates a previously existing condition resulting in disability, liability for the full disability without proration is imposed upon the employer, and that the appeals board may apportion the disability under the section "only in those cases in which part of the disability would have resulted, in the absence of the industrial injury, from the 'normal progress' " of the preexisting disease. (E.g.. *Zemke* v. *Workmen's Comp. App. Bd.*, 68 Cal.2d 794, 796 et seq. [69 Cal.Rptr. 88, 441 P.2d 928] ; *Berry* v. *Workmen's Comp. App. Bd.*. 68 Cal.2d 786, 789 et seq. [69 Cal. Rptr. 68, 441 P.2d 908] ; *Reynolds Elec. etc., Co.* v. *Workmen's Comp. App. Bd.*, 65 Cal.2d 438, 442-443 [55 Cal.Rptr. 254, 421 P.2d 102].) The board's position is that this rule should be applied to *temporary* disability cases.

■■■ This court has not squarely decided whether there may be apportionment of temporary disability liability between industrial injuries and nonindustrial injuries although it has hinted that it cannot. In *Fred Gledhill Chevrolet* v. *Industrial Acc. Com.*, 62 Cal.2d 59, 63 [41 Cal.Rptr. 170, 396 P.2d 586], an award denying apportionment was supported by substantial evidence, and we found it unnecessary to decide whether the apportionment provisions apply "at all" to compensation for temporary disability. (See also *American Can Co.* v. *Industrial Acc. Com.*, 196 Cal.App.2d 445, 449 [16 Cal.Rptr. 424].) In *Royal Globe Ins. Co.* v. *Industrial Acc. Com.*, 63 Cal.2d 60 [45 Cal Rptr. 1, 403 P.2d 129], we were concerned with the apportionment of liability between *insurers* for temporary disability where the disability was caused by successive industrial injuries. Thus we were not directly confronted with the question whether temporary disability may be apportioned as between industrial and nonindustrial injuries. There is a substantial difference between the rules governing apportionment between industrial injuries and those governing apportionment between industrial and nonindustrial injuries. Thus, in cases of progressive occupational diseases, the employee may at his option obtain an award for the entire disability against any one or more of the successive employers or successive insurance carriers, but the employers or carriers are entitled to apportionment among themselves, and apportionment for them is proper not merely where the disability would result from the normal progress of the preexisting disease but also in cases of aggravation wherever the successive employments contributed in part to the disability even though the prior employment alone would not have resulted in any disability. (*Fireman's Fund Indem. Co.* v. *Industrial Acc. Com.*, 39 Cal.2d 831, 835 [250 P.2d 148]; *Colonial Ins. Co.* v. *Industrial Acc. Com.*, 29 Cal.2d 79, 82 et seq. [172 P.2d 884].)

Although *Royal Globe Ins. Co.* v. *Industrial Acc. Com.*, *supra*, 63 Cal.2d 60, did not directly involve the question of apportionment of temporary disability between industrial and nonindustrial injuries, the language of the opinion and much of its reasoning bears significantly on that question. A footnote states: "It should be noted that we are here involved only with apportionment between insurance carriers. There can be no apportionment as to the injured worker. Both Royal Globe and State Fund may be held fully liable (jointly and severally) to him (*Fireman's Fund Indem. Co.* v *Industrial*

*Acc. Com., supra,* 39 Cal.2d 831, 835; *Colonial Ins. Co.* v. *Industrial Acc. Com., supra,* 29 Cal.2d 79, 82).'' (63 Cal.2d at p. 62, fn. 1.) In considering the commission's argument that the injured worker should not have to wait for the termination of protracted hearings on technical questions of apportionment to recover his temporary disability payments, we pointed out that the employee need not be required to wait for determination of the apportionment question to receive his award and that the proper procedure was for the commission to hold at least the last employer fully liable to the workman before holding a separate proceeding to determine the apportionment question. (63 Cal 2d at p. 63.) The decision in *Royal Globe Ins. Co.* was followed in *Fibreboard Paper Products Corp.* v. *Industrial Acc. Com.,* 63 Cal.2d 65, 67, footnote 1 [45 Cal.Rptr. 5, 403 P.2d 133]. Other authorities have also stated that temporary disability is not apportionable to preexisting nonindustrial injuries. (See *American Can Co.* v. *Industrial Acc. Com., supra,* 196 Cal App.2d 445, 448; 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1967) § 13.03[6].)

In considering whether the rules permitting apportionment in permanent disability cases should be applied to temporary disability benefits, it must be recognized that there are substantial differences between the purposes and bases of the two benefits. The primary element of temporary disability is wage loss. (*Fred Gledhill Chevrolet* v. *Industrial Acc. Com., supra,* 62 Cal.2d 59, 62; *Allied Comp. Ins. Co.* v. *Industrial Acc. Com.,* 211 Cal.App.2d 821, 831 [27 Cal.Rptr. 918]; *American Can Co.* v. *Industrial Acc. Com., supra,* 196 Cal.App.2d 445, 451; 2 Larson, Workmen's Compensation Law (1961) § 57.10, pp. 2-3.) Thus, section 4650 of the Labor Code provides: ''If an injury causes temporary disability, a disability payment shall be made for one week in advance as wages on the eighth day after the injured employee leaves work as a result of the injury. . . .'' Section 4653 covers temporary total disability and provides that ''the disability payment is 65 per cent of the average weekly earnings during the period of such disability, consideration being given to the ability of the injured employee to compete in an open labor market.'' Section 4654 covers temporary partial disability and provides that ''. . . the disability payment is 65 per cent of the weekly loss in wages during the period of such disability,'' and section 4657 also dealing with partial disability provides that ''the weekly loss in wages shall consist of the difference between the average

weekly earnings of the injured employee and the weekly amount which the injured employee will probably be able to earn during the disability, to be determined in view of the nature and extent of the injury.''

On the other hand, permanent disability is not based solely on loss of wages but is based both on actual incapacity to perform the tasks usually encountered in one's employment and on physical impairment of the body that may or may not be incapacitating. (*Madin* v. *Industrial Acc. Com.*, 46 Cal.2d 90, 97-98 [282 P.2d 892] ; *Smith* v. *Industrial Acc. Com.*, 44 Cal.2d 364, 367 [282 P.2d 64] ; *Allied Comp. Ins. Co.* v. *Industrial Acc. Com., supra,* 211 Cal.App.2d 821, 831-833.)

The legislative policy of making temporary disability payments a substitute for lost wages would be frustrated to a substantial degree if the disabled worker must await doctor's examinations, complex reports, and the resulting hearing, which may be protracted, to determine the question of apportionment of disability. If apportionment is permitted, employers can be expected, when apportionment questions arise, to withhold temporary disability payments until determination of the question, thus frustrating the policy reflected by section 4650 of the Labor Code requiring payment of temporary benefits on the eighth day after the injured employee leaves work. The expeditious payment of benefits is part of the ''social public policy of this State'' (Cal. Const., art. XX, § 21), and any delay in the payment of temporary benefits, the substitution for wages of the disabled worker, obviously will work great hardship.

The legislative command is that workmen's compensation laws shall be liberally construed ''with the purpose of extending their benefits for the protection of persons injured in the course of their employment.'' (Lab. Code, § 3202.) Where provisions of such laws are susceptible of an interpretation either beneficial or detrimental to injured employees or an ambiguity appears, they must be construed favorably to the employees. (E.g., *Colonial Ins. Co.* v. *Industrial Acc. Com.*, 27 Cal.2d 437, 442 [164 P.2d 490].) An ambiguity appears here. Section 4663 in providing for apportionability does not specify whether it applies to temporary and permanent disability but uses the term disability generally. and the article in which the section appears applies to both permanent and temporary disability. These facts would ordinarily, as the board urges, warrant a holding that temporary disability is apportionable, but to so hold would ignore other matters

which indicate that the section should apply only to permanent disability. In all other sections in the article, the Legislature has specified whether the particular section applies to permanent or temporary disability, and in sections 4650, 4651, and 4661, the Legislature has expressly provided that the sections apply to both temporary and permanent disability. The section immediately preceding section 4663 deals solely with permanent disability, and in these circumstances, there is as much reason to believe that the legislative omission was based on an intent that section 4663 would apply only to the subject dealt with in the next preceding section, permanent disability, as there is to believe that the Legislature intended the section to apply to the subjects of the entire article, temporary and permanent disability. In resolving the ambiguity, we and the appeals board are governed by the legislative command of liberal construction in favor of the workingman.

It is true that denying apportionability of temporary benefits may in some cases result in inequity to employers. On the other hand, because the benefits are based so directly on lost wages, a contrary rule may result in some inequity to employees. Thus, in those cases where preexisting nonindustrial injuries had resulted in partial disability prior to the industrial injury, it can reasonably be expected that the partial disability had resulted in a reduction in wages, and to permit apportionment of benefits, when those benefits are based on the preexisting reduced wages, would seem to involve a double reduction.

In view of the ambiguity of the statute, the rule of liberal construction, the delays which will necessarily result if temporary disability is made apportionable, the resulting frustration of the legislative policy of making temporary disability a substitute for lost wages, and our public policy of expeditious payment, we conclude that temporary disability is not apportionable.

There can be no doubt that medical expense is not apportionable. Section 4600 of the Labor Code states that the employer shall provide such treatment which is reasonably required to cure or relieve from the effects of the injury, and section 4601 of that code provides that "All" of the doctor treatment shall be at the expense of the employer. Neither section 4600 nor any of the succeeding sections in the article of the code dealing with medical and hospital treatment state or even suggest that the employer may pay part of the

expenses. So long as the treatment is reasonably required to cure or relieve from the effects of the industrial injury, the employer is required to provide the treatment, and treatment for nonindustrial conditions may be required of the employer where it becomes essential in curing or relieving from the effects of the industrial injury itself. (2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation, *supra*, § 16.03 [1], [2].) ■ Medical treatment unrelated to the industrial injury need not be furnished by the employer. (*Industrial Indem. Co.* v. *Industrial Acc. Com.*, 103 Cal.App.2d 249, 250 [229 P.2d 2].) If medical expense reasonably necessary to relieve from the industrial injury were apportionable, a workingman, who is disabled, may not be able to pay his share of the expenses and thus forego treatment. Moreover, the uncertainties attendant to the determination of the proper apportionment might cause employers to refuse to pay their share until there has been a hearing and decision on the question of apportionment, and such delay in payment may compel the injured workingman to forego the prompt treatment to which he is entitled.

■ The apportionment provision relied upon by the board, section 4663 of the Labor Code, is not in the article dealing with medical treatment but in the article dealing with disability, and by its terms applies to "compensation" for "disability."

■ The decision must be annulled for another reason. ■ The board in any decision on reconsideration altering or amending an order or award is required to state the evidence relied upon and specify in detail the reasons for that decision in order to assist the reviewing court in ascertaining the principles relied upon by the board, to help the board avoid careless or arbitrary action, and to make the right of review meaningful. (Lab. Code, § 5908.5; *Evans* v. *Workmen's Comp. App. Bd.*, 68 Cal.2d 753, 755 [68 Cal.Rptr. 825, 441 P.2d 633].)

■ In ordering apportionment, the board relied upon the evidence before it generally and the report of Dr. Robert R. McIvor. The board stated: "Although applicant was apparently asymptomatic and able to work between the injury of 1961 and the injury herein, we agree with the opinion of Dr. Robert R. McIvor as stated in his report of March 14, 1966, that the 1961 incident resulted in a 'fairly severe neck injury.' Under the discussion section of the aforementioned report of Dr. McIvor the following appears: 'I believe the

apportionment of the neck symptoms might reasonably be considered to be 50% on the basis of previous injury, and 50% on the basis of the accident of April 1965.' "

The general statement of the board that it relies upon the evidence before it does not comply with the requirements of section 5908.5 of the Labor Code and must be disregarded.[1] In none of Dr. McIvor's reports does he state that the disability or any part of it is due to the normal progress of the preexisting nonindustrial injury. His opinion that a 50 percent apportionment would be reasonable poses a mere legal conclusion and does not furnish a basis for a finding that the disability is partially due to the normal progress of the preexisting injury. (*Zemke* v. *Workmen's Comp. App. Bd., supra,* 68 Cal.2d 794, 799 et seq.; *Berry* v. *Workmen's Comp. App. Bd., supra,* 68 Cal.2d 786, 789 et seq.)

The decision of the Workmen's Compensation Appeals Board is annulled.

Traynor, C. J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment.

The petition of the respondent board for a rehearing was denied October 30, 1968. McComb, J., was of the opinion that the petition should be granted.

---

[1]We thus need not consider reports other than Dr. McIvor's, including one that the entire disability was due to the preexisting nonindustrial condition. In any event, this report would not support apportionment. (*Berry* v. *Workmen's Comp. App. Bd., supra,* 68 Cal.2d 786, 792.)