[No. B047086. Second Dist., Div. Six. Nov. 5, 1990.]

WILLIAM H. DICKEY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, CITY OF
MORRO BAY et al., Respondents.

COUNSEL

Wheeler & Beaton and Gifford G. Beaton for Petitioner.

Richard W. Younkin, William B. Donohoe, Neil P. Sullivan, Schweitzer & Dorrance, Gail S. Taylor, Krimen, Hershenson, Da Silva & Daneri and Louis Harris for Respondents.

OPINION

ABBE, J.—We hold the Workers' Compensation Appeals Board (the Board) erred in awarding temporary disability indemnity at less than the statutory maximum rate for the portion of the temporary disability attributable to applicant's employment as a volunteer fire fighter.

On May 21, 1986, applicant sustained an industrial injury to his neck and back while employed as a volunteer fire fighter by defendant City of Morro Bay (City).

About two months after that injury, applicant was hired as a fire extinguisher serviceman by defendant Wayco Fire Extinguishers (Wayco). He apparently performed arduous labor at Wayco for almost two years until June 1988. While employed by Wayco, applicant sustained a specific industrial injury to his neck and back in June 1988 and cumulative industrial injury to his neck and back in the September 1986 through June 1988 period of employment, resulting in temporary disability commencing on June 19, 1988.

Applicant claimed workers' compensation benefits, including temporary disability indemnity for the three industrial injuries.

The parties stipulated applicant's earnings were minimum at the time of the City injury and the temporary disability rate at the time of the two Wayco injuries was $120.68 a week. They also stipulated applicant was an active fire fighter as defined in Labor Code section 4458 "at the time of his claimed injuries."

The workers' compensation judge (WCJ) found the three injuries combined to cause temporary total disability commencing June 19, 1988, payable at the rate of $120.68 in effect at the time of the two Wayco injuries; and each of the three injuries was responsible for one-third of the benefits awarded.

Applicant contended that the Labor Code section 4458 provision for payment of disability indemnity at the maximum rate to injured active fire fighters applied. If temporary disability indemnity were awarded at the maximum rate here, the rate would be $224 a week, rather than $120.68 a week. (See Lab. Code, §§ 4453, subd. (a)(2), 4653.)

The WCJ held that although applicant's average weekly earnings are to be considered maximum at the time of the City injury, temporary disability indemnity should be paid at the rate of only $120.68 a week.

The Board unanimously denied reconsideration.

Applicant petitioned this court for a writ of review. We originally denied the petition; however, the Supreme Court granted applicant's ensuing petition for review and transferred the matter to us with directions to vacate our order and issue a writ of review.

■ We consider the issues in accordance with the principle that the Supreme Court's transfer order does not ipso jure establish petitioner is entitled to the relief sought and the Supreme Court's action means only that this court must decide the issues presented. (*Crawford* v. *Workers' Comp. Appeals Bd.* (1989) 213 Cal.App.3d 156, 163 [259 Cal.Rptr. 414]; *Popelka, Allard, McCowan & Jones* v. *Superior Court* (1980) 107 Cal.App.3d 496, 500 [165 Cal.Rptr. 748].)

Labor Code section 4458 provides: "If a member registered as an active firefighting member of any regularly organized volunteer fire department as described in Section 3361 suffers injury or death while in the performance of his duty as fireman, or if a person engaged in fire suppression as described in Section 3365 suffers injury or death while so engaged, then, irrespective of his remuneration from this or other employment or from both, his average weekly earnings for the purposes of determining temporary disability indemnity and permanent disability indemnity shall be taken at the maximum fixed for each, respectively, in Section 4453. Four times his average annual earnings in disability cases and in death cases shall be taken at the maximum limits provided in Sections 4452 and 4702 respectively."

■ It is well established that contemporaneous construction of a statute by the agency charged with its enforcement and interpretation, while not necessarily controlling, is of great weight; and courts will not depart from such construction unless it is clearly erroneous or unauthorized. (*Cannon* v. *Industrial Acc. Comm.* (1959) 53 Cal.2d 17, 22 [346 P.2d 1]; *Griffith* v. *Workers' Comp. Appeals Bd.* (1989) 209 Cal.App.3d 1260, 1264 [257 Cal.Rptr. 813]; *Industrial Indemnity Co.* v. *Workers' Comp. Appeals Bd.*

(1985) 165 Cal.App.3d 633, 638 [211 Cal.Rptr. 683].) However, final responsibility for interpreting the statute rests with the courts. (See *Klee* v. *Workers' Comp. Appeals Bd.* (1989) 211 Cal.App.3d 1519, 1523 [260 Cal.Rptr. 217].)

■ Applying this rule here, we note the Board has consistently determined that where two or more injuries combine to cause a period of temporary disability, the injured worker is entitled to temporary disability indemnity at the compensation rate in effect at the time of the last injury if that rate is higher than the rate in effect at the time of the earlier injury. (*Gray* v. *Moss Lighting* (1978) 43 Cal.Comp.Cases 586 at pp. 588, 591 (in bank); *R. P. Richards Plumbing Co.* v. *Workmen's Comp. Appeals Bd.* (1973) 38 Cal.Comp.Cases 145 (writ den.).)

We also note the Supreme Court has held temporary disability indemnity may be apportioned between successive employers if the temporary disability is the result of injuries sustained in both employments. (*Fibreboard Paper Products Corp.* v. *Industrial Acc. Com. (Beezley)* (1965) 63 Cal.2d 65, 67 [45 Cal.Rptr. 5, 403 P.2d 133]; *Royal Globe Ins. Co.* v. *Industrial Acc. Com. (Lynch)* (1965) 63 Cal.2d 60, 62-64 [45 Cal.Rptr. 1, 403 P.2d 129]; see *Granado* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 399, 402-403 [71 Cal.Rptr. 678, 445 P.2d 294].) Ordinarily, at least one employer is initially held fully liable for temporary disability payments and apportionment is determined in a subsequent proceeding. (See *Granado* v. *Workmen's Comp. App. Bd., supra,* 69 Cal.2d at pp. 402-403; *Royal Globe Ins. Co.* v. *Industrial Acc. Com. (Lynch), supra,* 63 Cal.2d at p. 63.)

However, where, as here, in separate cases the Board has found the extent to which each injury contributed to the temporary disability, a further proceeding to determine the respective liabilities of the employers is unnecessary. (*Gray* v. *Moss Lighting, supra,* 43 Cal.Comp.Cases at p. 591.)

■ The policy underlying Labor Code section 4458 is to encourage public service by providing maximum benefits to injured volunteer fire fighters. In *Meredith* v. *Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 777, 781-782 [140 Cal.Rptr. 314, 567 P.2d 746], the Supreme Court stated: "Unless arbitrary, the fictitious earnings components [of Labor Code section 4458] must be upheld. Considerations of public policy and equality justify the legislative distinctions. Cognizant of the public service provided by the volunteer civilian firefighter and the potential loss of his earnings from other employment, the Legislature determined that the usual benefit schedules should not apply but that a fictitious earnings component should be used. The liberal disability compensation program not only serves to counterbalance any sacrifice of earning power made to engage in firefighting

activity, but also provides an incentive to engage in an important public service. Within the Legislature's broad discretion in fixing compensation benefits, it is obviously proper to pay firefighter disability compensation at the maximum scale regardless of actual earnings."

We conclude Labor Code section 4458 does not require that maximum temporary disability indemnity be paid for injuries sustained in employment not described by that section. The Board properly determined Labor Code section 4458 does not require payment of temporary disability indemnity at the maximum rate for the two-thirds of the temporary disability attributable to the Wayco injuries.

We hold the Board erred, however, in awarding temporary disability indemnity at less than the statutory maximum rate for the injury sustained during applicant's employment as a volunteer fire fighter by City. The Board's decision in this regard is inconsistent with the express language of Labor Code section 4458 and the purposes of that section as explained in *Meredith* v. *Workers' Comp. Appeals Bd., supra*, 19 Cal.3d at pages 781-782.

The November 7, 1989, order of the Board denying reconsideration is annulled, and the matter is remanded to the Board for proceedings consistent with the views expressed herein.

Stone (S. J.), P. J., and Gilbert, J., concurred.

Petitioner's application for review by the Supreme Court was denied January 17, 1991.