[No. E053173. Fourth Dist., Div. Two. Feb. 29, 2012.]

COUNTY OF SAN BERNARDINO, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and JOHN MCCOY,
Respondents.

**COUNSEL**

Jean-Rene Basle, County Counsel, and Eric K. Yee, Deputy County Counsel, for Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

Holstein, Taylor and Unitt, Robert B. Taylor and Brian C. Unitt for Respondent John McCoy.

OPINION

**McKINSTER, J.**—County of San Bernardino (County) contends that the Workers' Compensation Appeals Board (Board) erred when it awarded benefits to John McCoy for migraine headaches he suffered. It contends that any injuries he suffered were solely caused by the stress and related sequelae resulting from good faith personnel actions. As such, his injuries are not compensable under Labor Code section 3208.3, subdivision (h).[1] We agree and, accordingly, we will annul the Board's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

McCoy worked as an automated systems technician for the County. He filed a claim alleging a cumulative trauma injury to his psyche from July 2005 through January 19, 2006. On the first day of trial, he added a claim of injury in the form of migraine headaches.

It was claimed that the injuries arose out of and in the course and scope of his employment due to on-the-job stress caused by friction with his supervisor.

County argued that his psychiatric injuries were caused by lawful, nondiscriminatory, good faith personnel action so that any resulting disability was not compensable under section 3208.3, subdivision (h).

The workers' compensation judge (WCJ) found that the injuries were not compensable as argued by County.

McCoy petitioned the Board for reconsideration, contending that the good faith personnel action provision did not apply to organic injuries, such as migraine headaches.

The WCJ recommended that reconsideration be denied, noting that the migraine headaches were a preexisting condition and the medical evidence indicated that McCoy experienced only a temporary exacerbation of the headaches due to the stress from the personnel actions. In other words, he did not suffer any compensable injury as a result of the migraine headaches.

The Board, however, granted the petition for reconsideration. While the WCJ did not err in denying benefits for the psychiatric injury, it concluded that section 3208.3, subdivision (h), did not bar compensation for migraines. Moreover, while McCoy may not have suffered permanent disability from his

---

[1] Statutory references are to the Labor Code unless otherwise indicated.

migraines, it concluded he was entitled to temporary disability and medical treatment for pain caused by the migraines. It returned the matter to the WCJ for further proceedings, i.e., to determine temporary disability.

County petitioned for reconsideration of this order, arguing that the good faith personnel action provision should apply because the sole contributing factor that aggravated McCoy's preexisting migraines was the stress he suffered from the disciplinary actions undertaken in good faith. It asserted that this situation is distinguishable from a case where job stress is inherent in the job.

The Board denied reconsideration. It noted that under section 3208.3, subdivision (a), a psychiatric injury is defined as one that is diagnosed using the terminology and criteria of the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, and migraine headaches are not classified as a psychiatric injury in this manual. It follows that a good faith personnel action defense of section 3208.3, subdivision (h), does not apply to migraine headaches.

## DISCUSSION

An employer is not required to pay compensation benefits for a psychiatric injury if the injury was substantially caused by a lawful, nondiscriminatory, good faith personnel action. The burden of proof rests with the party asserting the issue. (§ 3208.3, subd. (h).)

As noted, it was determined that McCoy could not recover for injury to his psyche because the injury was caused by disciplinary actions that were good faith personnel actions. The Board concluded, however, that McCoy could recover for the migraine headaches brought on by on-the-job stress. Although this stress was the result of these same good faith personnel actions, the Board reasoned that since migraine headaches do not fall within the definition of a psychiatric injury, the good faith personnel action defense did not apply to preclude recovery.

County contends that McCoy's injury was psychiatric in nature, which manifested itself in physiological problems, including migraine headaches. Therefore, the good faith personnel action defense should apply to the claim.

McCoy responds that County has relied on several contrary and nonbinding decisions by the Board, which offer no useful guidance and expand the application of section 3208.3, subdivision (h), beyond its plain meaning. Indeed, McCoy asserts that the Board's decision involved a routine application of settled law to a factual situation that was hardly novel, and there is no

reason for this court to grant a writ of review. Our Supreme Court believes otherwise because it granted County's petition for review and transferred the matter to us with directions to issue a writ of review. We have done so. The Supreme Court's action does not ipso jure establish that County is entitled to the relief sought, but it does mean that we must decide the issue presented with the parties having an opportunity to argue the issues. (*Dickey v. Workers' Comp. Appeals Bd.* (1990) 224 Cal.App.3d 1460, 1463 [274 Cal.Rptr. 620].) We can safely infer that issues presented are not a matter of settled law.

While the Board's administrative construction of statutes that it is charged to enforce and interpret is entitled to great weight, construction of labor statutes and their applicability to a given situation are matters of law subject to our independent review. (*San Francisco Unified School Dist. v. Workers' Compensation Appeals Board* (2010) 190 Cal.App.4th 1, 7 [117 Cal.Rptr.3d 824].) Thus, the Board's erroneous interpretation or application of law is a ground for annulment of its decision. (*Pacific Gas & Electric Co. v. Workers' Comp. Appeals Bd.* (2004) 114 Cal.App.4th 1174, 1180 [8 Cal.Rptr.3d 467].)

■ Our first task is to construe the statute so as to ascertain the intent of the Legislature so as to effectuate the purpose of the law. " '[S]ection 3208.3 was enacted as part of the Margolin-Greene Workers' Compensation Reform Act of 1989. It is part of the Legislature's response to increased public concern about the high cost of workers' compensation coverage, limited benefits for injured workers, suspected fraud and widespread abuses in the system, and particularly the proliferation of workers' compensation cases with claims for psychiatric injuries.' " (*Pacific Gas & Electric Co v. Workers' Comp. Appeals Bd., supra,* 114 Cal.App.4th at pp. 1180–1181.)

■ There is no case authority applying the good faith personnel action provision in situations where work-related stress manifests itself in physiological symptoms such as gastrointestinal disorders or, as in this case, headaches. While the Board itself has several decisions on the issue (with writ petitions denied by the appellate courts), these are not consistent.[2] Although there is a dearth of authority on this specific issue, our determination of legislative intent is not rudderless. We agree with *Pacific Gas & Electric Co.* that we must consider the public policy goals in determining whether an award of benefits is warranted. By enacting section 3208.3 the

---

[2] They have no precedential value in any case. However, Board panel decisions and denials of petitions for writ of review reported in the California Compensation Cases and in the California Workers' Compensation Reporter, along with occasional Board denials of petitions for reconsideration, also reported periodically in the latter publication, are properly citable authority, but only to the extent that they point out the contemporaneous interpretation and application of the workers' compensation laws by the Board. (*Ralphs Grocery Co. v. Workers' Comp. Appeals Bd.* (1995) 38 Cal.App.4th 820, 827, fn. 7 [45 Cal.Rptr.2d 197].)

"Legislature made quite clear that it intended to *limit* claims for psychiatric benefits due to their proliferation and their potential for fraud and abuse. Therefore, any interpretation of the section that would lead to more or broader claims should be examined closely to avoid violating express legislative intent." (*Pacific Gas & Electric Co. v. Workers' Comp. Appeals Bd., supra,* 114 Cal.App.4th at p. 1182.)

McCoy contends that the issue is simple and that the language of the statute is plain: the good faith personnel decision defense applies to resulting psychiatric injuries only and that psychiatric injuries are defined as those meeting specified criteria of the American Psychiatric Association. The Board's decision applied the statute exactly as written, finding that migraine headaches are not described as a psychiatric injury as described in subdivision (a) of section 3208.3. McCoy asserts that the decision whether to expand the defense to physical injuries is one that the Legislature must make and, thus far, it has manifested no such intent.

■ We do not believe that the matter can be resolved so simply; seldom are the effects of stress limited to injury to the psyche without resulting physical problems. This is such a case. No evidence was presented that McCoy suffered any on-the-job stress other than that resulting from what has been determined to be good faith personnel actions. In such a circumstance, we must conclude that section 3208.3, subdivision (h), precludes recovery for physical manifestations that are directly and *solely* resulting from the psychological injury suffered as a result of good faith personnel actions. Any other result would undermine the purpose of the law to limit such claims because of their potential for fraud and abuse. It would be relatively easy for a claimant to avoid this bar by asserting internal problems and symptoms, such as upset stomach, headache and sleeplessness, but not injury to the psyche per se. There is no better example of this than the present case where McCoy added the claim for migraine headaches—a preexisting condition—on the first day of trial. We conclude that the good faith personnel action defense precludes recovery for psychiatric injuries with resulting physiological manifestations solely caused by stress from such actions.

We are aware of the well-established rule that physical injuries or conditions aggravated by work-related stress are compensable. (See *Lamb v. Workers' Comp. Appeals Bd.* (1974) 11 Cal.3d 274 [113 Cal.Rptr. 162, 520 P.2d 978] [heart attack caused by work-related stress compensable]; *Turner v. Workers' Comp. Appeals Bd.* (1974) 42 Cal.App.3d 1036 [117 Cal.Rptr. 358]; *Greenberg v. Workers' Comp. Appeals Bd.* (1974) 37 Cal.App.3d 792 [112 Cal.Rptr. 626].) Our holding does not undermine this rule because it is limited to cases, as here, where there is no evidence that the employee suffered on-the-job stress apart from that caused by the good faith personnel actions.

## DISPOSITION

The order is annulled and the matter is remanded for further proceedings consistent with this opinion.

Ramirez, P. J., and Codrington, J., concurred.

A petition for a rehearing was denied March 27, 2012, and the petition of respondent John McCoy for review by the Supreme Court was denied May 16, 2012, S201125.