Filed 7/18/13  P. v. Offerman CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>DONALD MONROE OFFERMAN,<br><br>  Defendant and Appellant. | 2d Crim. No. B245259<br>(Super. Ct. Nos. CR16764<br>CR16725, CR46459)<br>(Ventura County) |

Donald Monroe Offerman appeals an order denying his petitions for a certificate of rehabilitation and pardon, commonly known as a "certificate of rehabilitation."  (Pen. Code, § 4852.03; see *People v. Blacker* (2010) 190 Cal.App.4th 438, 440, fn. 2.)[1]  The trial court impliedly found that appellant had not demonstrated good moral character over a sustained rehabilitation period but could refile the petitions in 2015.  We affirm.  (§§ 4852.11; 4852.13, subd. (a); *People v. Failla* (2006) 140 Cal.App.4th 1514, 1522.)

---

[1] All statutory references are to the Penal Code.  Where the trial court finds that the petitioner is both rehabilitated and fit to exercise the rights and privileges lost by reason of his or her conviction, it may enter a certificate of rehabilitation order recommending that the Governor grant a full pardon.  (§ 4852.13; *People v. Ansell* (2001) 25 Cal.4th 868, 875-876.)

*Procedural History*

In 1981 appellant was convicted of five counts of grand theft-property (§ 487.1) and two counts of second degree burglary (§ 459) in case numbers CR16725 and CR16764. Appellant was sentenced to five years state prison, served part of the prison term, and was released on parole and returned to custody multiple times before he was discharged from parole on November 25, 1988.

In 1999, appellant was convicted by plea of battery on a peace officer (§ 243, subd. (c)) and sentenced to a four year prison sentence. (CR46459.) Appellant served part of the prison term, was paroled and rearrested, and scheduled for a December 24, 2004 parole release date.

*MDO Commitment*

On December 12, 2004, appellant was found to be a mentally disordered offender (MDO; § 2962 et seq.) and committed to Atascadero State Hospital for treatment. The MDO commitment was extended three times based on jury findings that appellant suffered from a severe mental disorder that was not in remission and he was a substantial risk of harm to other people.[2] (§ 2972.) Appellant was released from the MDO commitment on March 26, 2010.

*Petitions For Certificate of Rehabilitation*

On January 13, 2012, appellant filed a petition for certificate of rehabilitation in each criminal case. (§ 4852.01 et seq.) The petitions alleged that appellant was discharged from parole on November 25, 1988, in case numbers CR16725 and CR16764 (the grand theft and burglary convictions) and discharged from parole on June 8, 2006, in CR46459 (battery on officer conviction). The Ventura County District Attorney opposed the petitions on the ground that the statutory rehabilitation period had

_____

[2] We take judicial notice of this court's unpublished opinions affirming the MDO commitment extension orders. (*People v. Offerman* (July 17, 2007, B192769), *People v. Offerman* (April 15, 2008, B200645); *People v. Offerman* (March 15, 2010, B217017).)

not passed (§ 4852.03, subds. (a)(3) & (b)) and appellant had not demonstrated good moral character (§ 4852.05).

The trial court denied the petitions based on the theory that the seven-year rehabilitation period[3] did not commence to run until 2010 when appellant was released from the MDO commitment. "[I]f he's found to be a mentally disordered parolee and taken back into custody into a state hospital setting and then released back into the community on a civil commitment that doesn't expire until 2010, it seems he still remains under the supervision of State parole and/or mental health authorities."

Appellant brought a motion for reconsideration. Denying the motion, the trial court found that the petitions were filed "a few months too soon" and appellant could refile the petitions in 2015.

*Rehabilitation Period Start Date*

Appellant contends that the trial court erred in finding that the rehabilitation period did not commence to run until 2010 when appellant was released from his MDO commitment. The Attorney General agrees that a MDO commitment does not delay the rehabilitation period start date. Section 4852.03, subdivision (a) provides : "The period of rehabilitation shall begin to run upon the discharge of the petitioner from custody due to his or her completion of the term to which he or she was sentenced or upon his or her release on parole or probation, whichever is sooner."

In *Ayala v. Superior Court* (1983) 146 Cal.App.3d 938 we held that a mentally disordered sex offender's (MDSO; former Welf. & Inst. Code, § 6300 et seq.) outpatient status did not toll or change the rehabilitation period start date. (*Id.*, at p. 942.) "The statutory scheme governing parolees does not apply to MDSO outpatients. [Citation.] The confinement of MDSO's is for the purpose of *treatments* not punishment. [Citation.] " (*Id.*, at p. 942.) We concluded that there is no "logical reason why, for the

---

[3] The basic rehabilitation period is five years (§ 4852.03, subd. (a)), plus two years where the underlying offense does not carry a life sentence or require registration as a sex offender (§ 4852.03, subd. (a)(3)). (See *People v. Failla, supra,* 140 Cal.App.4th at p. 1518.)

3

purposes of timely filing a petition for rehabilitation, [Ayala] ought to be treated any differently than would have been the case had be been given the bureaucratic label of a 'parolee' rather than an 'MDSO outpatient.'" (*Id.*, at p. 945.)

The same principle applies to a MDO commitment which is a civil commitment for treatment, not punishment. (See *In re Qawi* (2004) 32 Cal.4th 1, 9 [MDO Act is not punitive but to provide treatment while at same time protecting general public.) Appellant served part of his four year prison sentence in CR46459 and was discharged from parole on June 8, 2006 which is the rehabilitation period start date. (§4852.03, subd. (a); 3 Witkin & Epstein, Cal. Criminal Law, Punishment (4th ed. 2012) § 833, p. 1283.)

*Good Moral Character*

The Attorney General argues that the judgment should be affirmed on the ground that appellant failed to demonstrate "good moral character" during a sustained period of rehabilitation. (§ 4852.13, subd. (a).) A ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. (*People v. Smithey* (1999) 20 Cal.4th 936, 971-972.)

Section 4852.05 provides that the person seeking a certification of rehabilitation "shall live an honest and upright life, shall conduct himself or herself with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land." The trial court may deny a petition for certificate of rehabilitation where the petitioner refuses to admit criminal culpability. (*People v. Blocker* (2010) 190 Cal.App.4th 438, 445 [refusal to admit guilt on underlying offenses of assault, battery and molestation].) " '[A]cknowledgement of guilt is a critical first step towards rehabilitation.' [Citations.]" (*Id.*, at p. 442.)

With respect to the 1999 conviction for battery on an officer, a California Highway Patrol officer tried to escort appellant off the railroad tracks but appellant broke loose and ran. The petitions state that appellant is innocent, that appellant "did not touch him," and the officer "tackled me and beat me." Appellant's refusal to take responsibility for his actions reflects poorly on his moral character and is grounds alone for denying the

4

petitions for a certificate of rehabilitation. (*People v. Blocker, supra,* 190 Cal.App.4th at p. 445.)

*Conclusion*

At the hearing on the motion for reconsideration, the trial court noted that appellant's severe mental disorder was a contributing cause of the 1999 offense and an ongoing concern. In the adjudicated MDO recommitments, the juries found that the severe mental disorder was not in remission and that appellant represented a substantial danger of physical harm to others. (§ 2972, subd. (a).) The MDO findings were based on appellant's long history of violence, his substance abuse, his dangerous behavior at Atascadero State Hospital in which he kicked and spit on staff, and his refusal to follow the treatment plan. (B217017, B192769.)

Sections 4852.11 and 4852.12 provide that a trial court, in ruling on a petition for certificate of rehabilitation, may consider "all violations of law" regardless of whether it resulted in an arrest or conviction, "the conduct of the petitioner during his period of rehabilitation, . . . and any other information the court may deem necessary in making its determination." (§ 4852.12, subd. a).) The decision to grant a certificate of rehabilitation is discretionary and the standards for determining whether rehabilitation has occurred are "high." (*People v. Ansell, supra,* 25 Cal.4th at p., 887.) The trial court must "conduct a thorough inquiry into the applicant's conduct and character from the time of the underlying crimes through the time of the certificate of rehabilitation proceeding. [Citations.]" (*Ibid.*)[4]

Where an ex-felon denies criminal culpability, has a long history of violence, and is a substantial threat of harm to others, the trial court may deny the petition for certificate of rehabilitation and order a new rehabilitation period. (§ 4852.11; *People v. Failla*, *supra,* 140 Cal.App.4th 1522.) That is the case here. In the words of the trial

---

[4] When appellant was sentenced to state prison in 1981 for grand theft and second degree burglary, the trial court commented on appellant's lack of remorse, threats of retaliation against the victims, and reports that appellant used explosives, firearms, and was lying in wait to shoot the investigating detectives.

5

court, appellant is "a few months too soon. I think he'll reach that period soon enough. I think right now is not enough time."

The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

Donald D. Coleman, Judge

Superior Court County of Ventura

_____


Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.