Filed 1/28/14

CERTIFIED <u>FOR</u> PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

----

| | |
|---|---|
| JOHN LARKIN, | C065891 |
| Petitioner, | (WCAB Case No. ADJ7191871) |
| v. | |
| WORKERS' COMPENSATION APPEALS BOARD and THE CITY OF MARYSVILLE, | |
| Respondents. | |

ORIGINAL PROCEEDING:  petition for writ of review.  Writ of review issued and order denying reconsideration affirmed.

Mastagni, Holstedt, Amick, Miller & Johnsen, Gabriel R. Ullrich and Brian A. Dixon for Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

Lenahan, Lee, Slater & Pearse and Gerald M. Lenahan for Respondent City of Marysville.

The sole issue raised in this writ of review proceeding is whether the Workers' Compensation Appeals Board (the Board) correctly determined that the benefits provided under Labor Code section 4458.2 extend only to volunteer peace officers and not to regularly sworn, salaried peace officers. (Further statutory references are to the Labor Code unless otherwise designated.) We conclude the Board correctly determined that the language of section 4458.2, when considered in light of the legislative scheme of which it is a part and, in particular, section 3362, was intended to establish benefits for a discrete group, volunteer peace officers, and cannot be applied to enhance benefits for peace officers generally. We reject petitioner's arguments to the contrary and affirm the Board's order.

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In the course of his employment as a police officer for the City of Marysville, petitioner John Larkin sustained injuries to his neck, right shoulder, left upper thigh, face, right biceps, and nose. The only issues at trial were Larkin's claim to temporary disability payments, the appropriate earnings rate, and the applicability of section 4458.2.

Following an expedited hearing, the workers' compensation judge (WCJ) found that sections 4458.2 and 3362 applied only to active volunteer peace officers, not regularly sworn, salaried peace officers, and therefore did not apply to Larkin.

Larkin petitioned the Board for reconsideration of the decision, contending the plain language of the statutes entitled industrially injured peace officers to temporary disability payments at the maximum rate. The Board agreed with the reasoning of the WCJ and denied the petition for reconsideration. Defendant's petition for writ of review followed. We granted review and now affirm the Board's decision.

## DISCUSSION

In this case, there are no material facts in dispute; the issue presents a pure question of law. Statutory interpretation claims are reviewable by this court de novo. However, "[i]t is well established that contemporaneous construction of a statute by the agency charged with its enforcement and interpretation, while not necessarily controlling, is of great weight; and courts will not depart from such construction unless it is clearly erroneous or unauthorized. [Citations.]" (*Dickey v. Workers' Comp. Appeals Bd.* (1990) 224 Cal.App.3d 1460, 1463-1464 (*Dickey*).)

"In interpreting statutes, if the 'language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . .' (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) However, this ' "plain meaning" rule does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute.' (*Ibid.*) We must strive to harmonize 'provisions relating to the same subject matter . . . to the extent possible.' (*Ibid.*) Therefore, '[t]he intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act.' (*Ibid.*)" (*Rehman v. Department of Motor Vehicles* (2009) 178 Cal.App.4th 581, 586 (*Rehman*).)

" 'The literal meaning of the words of a statute may be disregarded to avoid absurd results or to give effect to manifest purposes that, in light of the statute's legislative history, appear from its provisions considered as a whole.' (*Silver v. Brown* (1966) 63 Cal.2d 841, 845 [48 Cal.Rptr. 609, 409 P.2d 689].)" (*Rehman*, *supra*, 178 Cal.App.4th at p. 587.) In such circumstances, "we apply reason and practicality, and interpret the statute in accord with common sense and justice, and to avoid an absurd result. [Citations.]" (*Kono v. Meeker* (2011) 196 Cal.App.4th 81, 87-88.) "Such a result is appropriate here, particularly when we look to the legislative purposes of these statutes." (*Rehman*, at p. 587.)

As relevant to this case, section 4458.2 provides: "If an active peace officer of any department as described in Section 3362 suffers injury or death while in the performance of his or her duties as a peace officer, . . . then, irrespective of his or her remuneration from this or other employment or from both, his or her average weekly earnings for the purposes of determining temporary disability indemnity and permanent disability indemnity shall be taken at the maximum fixed for each, respectively, in Section 4453." Section 3362 provides: "Each male or female member registered as an active policeman or policewoman of any regularly organized police department having official recognition and full or partial support of the government of the county, city, town or district in which such police department is located, shall, upon the adoption of a resolution by the governing body of the county, city, town or district so declaring, be deemed an employee of such county, city, town or district for the purpose of this division and shall be entitled to receive compensation from such county, city, town or district in accordance with the provisions thereof."

Larkin takes the plain language of these statutes and interprets them to mean that an active police officer is entitled to temporary disability at the maximum rate, irrespective of his actual wages. This would be an absurd result.

Section 3362 is contained in chapter 2, article 2 of the Labor Code, entitled "Employees." This article contains statutory provisions defining employees for purposes of entitlement to workers' compensation benefits and setting out excluded categories, such as volunteers (§ 3352) and independent contractors (§ 3353). An " '[e]mployee' means every person in the service of an employer under any appointment or contract of hire . . . ." (§ 3351.) There is no dispute that Larkin, as an active duty peace officer, came within this definition of employee and was entitled to workers' compensation benefits. As such, there is no reason to have a special statute deeming an active duty peace officer to be an employee.

4

Article 2 goes on to delineate certain workers who would not ordinarily be considered employees and indicates they shall be deemed employees for purposes of entitlement to workers' compensation benefits. These workers include volunteer firefighters (§ 3361), volunteer members of a sheriff's reserve (§ 3364), and those who assist law enforcement and firefighters at the request of a public officer or employee (§§ 3365, 3366, 3367). Under these statutes, volunteers to public safety agencies are all treated the same way: they are deemed employees of the agency and awarded temporary disability at the maximum rate.

The policy underlying these statutes is to encourage public service to these agencies by providing maximum benefits to volunteers injured in providing such service. (See *Dickey*, *supra*, 224 Cal.App.3d at pp. 1464-1465.) In *Meredith v. Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 777, 781-782, in the context of an identical statute regarding volunteer firefighters, the Supreme Court recognized these fictitious earnings were created by the Legislature as it was " '[c]ognizant of the public service provided by the volunteer civilian firefighter and the potential loss of his earnings from other employment [and] determined that the usual benefit schedules should not apply but that a fictitious earnings component should be used. The liberal disability compensation program not only serves to counterbalance any sacrifice of earning power made to engage in firefighting activity, but also provides an incentive to engage in an important public service.' " The same policy considerations apply to providing these fictitious earnings for volunteer peace officers.

Larkin's interpretation of the statutes would leave volunteer peace officers without any recourse should they be injured during their voluntary public service. They would not be entitled to any workers' compensation benefits, as they would not be deemed employees. Not only would this punish them for their service, it would leave such volunteers in a markedly different position than volunteers of other public safety agencies. This cannot be what the Legislature intended. Accordingly, to give effect to

5

the statutory policy underlying these statutes, we find that sections 4458.2 and 3362 apply to volunteer peace officers only.

## DISPOSITION

The Board's order denying reconsideration is affirmed.  Each party shall bear its own costs in this original proceeding.


                                                                              _____RAYE_____, P. J.


We concur:


_____HULL_____, J.


_____ROBIE_____, J.